# CIRCUIT COURT OF LOUDOUN COUNTY

Christopher Bartolomucci

v.

Federal Insurance Group,
Vu Vo,
and Hogan Lovells US, L.L.P.

October 22, 2013

Case No. (Civil) 70587

BY JUDGE THOMAS D. HORNE

This is a declaratory judgment action brought by Christopher Bartolomucci and in which the Federal Insurance Group, Vu Vo, and Hogan Lovells US, L.L.P., successor in interest to Hogan Hartson, L.L.P., are the defendants. Defendant Vu Vo has filed a Counterclaim and Cross-Complaint against the plaintiff and the other defendants, asking for a declaratory judgment which finds that Federal Insurance Group is liable to Vu Vo for all damages awarded in the personal injury lawsuit that do not exceed the policy limits and pertain to a covered loss during the policy period to the extent such costs are not paid by Mr. Bartolomucci's personal auto liability policy. In his Amended Complaint, Mr. Bartolomucci asserts that he was involved in an automobile accident with the defendant Vu Vo on April 13, 2009. The vehicle that Mr. Bartolomucci was driving at the time of the accident was insured with Allstate Insurance Company with a policy limit of $100,000 per person. The defendant Vu Vo sued Mr. Bartolomucci, asking for damages in an amount greater than $100,000. On the date of the accident, Mr. Bartolomucci's employer, Hogan Hartson, L.L.P., maintained a policy, through the defendant Federal Insurance Group, which Mr. Bartolomucci contends applies to the underlying automobile accident. At issue, then, is whether, at the time of the accident, Mr. Bartolomucci was an insured under the policy of insurance issued to Hogan Hartson, L.L.P., now Hogan Lovells US, L.L.P.

On November 28, 2012, another judge of this Circuit, in ruling upon a demurrer to the Amended Complaint, found that Hogan Lovells US, L.L.P., is the named insured on the policy at issue; that Hogan Lovells US, L.L.P., is a separate legal entity from its partners; that the words "you" and

"your" as used in the policy refer to Hogan Lovells US, L.L.P.; and that, as a consequence, those portions of the Amended Complaint, Counterclaim, or Cross-Claim that alleged coverage for Mr. Bartolomucci for his business or personal affairs was stricken.

A trial was commenced on September 17, 2013, with a jury. The singular issue to be decided by the jury upon a special interrogatory was posited as follows:

> Was Christopher Bartolomucci using his automobile in Hogan Hartson, L.L.P.'s business or Hogan Hartson, L.L.P.'s personal affairs?

In answer to the question asked, the jury returned a verdict of "Yes." Federal Insurance Group and Hogan Lovells US, L.L.P., seek to set aside the finding of the jury and have the Court enter judgment in their favor based upon a paucity of evidence to support it. Va. Code Ann. §§ 8.01-188, 8.01-680. This Court agrees and will grant the motion to strike previously made and set aside the jury finding.

Mr. Bartolomucci was commuting to work from his residence at the time of the accident. Evidence of an office in his home, a cell phone in his car, and of the availability of time to think about issues at work was merely incidental to the purpose for his operating the vehicle at the time of the accident; that is, transporting himself from his place of habitation to his place of work. This conduct evoked neither the business nor personal affairs of his employer. In this connection the Court finds that, as used in the policy, "personal affairs" means the non-business related activities of Hogan Hartson, L.L.P.

The Court will grant the motion to strike and enter judgment for Federal Insurance Group, finding that the policy of Federal Insurance Group does not apply to the underlying automobile accident and pending lawsuit arising from the accident of April 13, 2009.